UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

KAREN WIEMUTH,

    Plaintiff,

vs.

CARNIVAL CORPORATION, BLUE ILLUSIONS
and/or ADMIRALTY MARINE & PORT SERVICES
and CARIB RESORTS INC.,

    Defendants.
_____/

## **COMPLAINT**

COMES NOW the Plaintiff, KAREN WIEMUTH, by and through her undersigned counsel, and sues the Defendants, CARNIVAL CORPORATION (hereinafter referred to as CARNIVAL), BLUE ILLUSIONS and/or ADMIRALTY MARINE and PORT SERVICES, INC. and CARIB RESORTS INC (hereinafter referred to collectively as OPERATORS), for damages, and alleges as follows:

1. That this is an action for damages in excess of Seventy-five Thousand ($75,000.00) Dollars, exclusive of interest, costs and attorneys' fees.

2. That at all times material hereto, the Plaintiff, Karen Wiemuth, was a resident of the state of Michigan, over the age of eighteen (18) years, and in all material respects sui juris.

3. That this Court has diversity jurisdiction pursuant to 28 USC 1332.

4. That in the alternative, this is an action which arises out of the General

Maritime Law and this Court has original jurisdiction pursuant to 28 USC 1333.  Furthermore, the Defendant has designated this Court as the jurisdiction and venue of choice in its ticket of passage.

5. That at all times hereto, the Defendant, CARNIVAL, was a Panamanian Corporation, had its principal place of business and was doing business in Miami, Florida, and was the owner/operator of the cruise ship SUNSHINE.

6. That at all times material hereto, the Defendants, OPERATORS, were Florida Profit corporations authorized to do business and doing business in Miami-Dade County, Florida.

7. That on or about September 30, 2015, the Plaintiff, Karen Wiemuth, was a passenger on the Carnival cruise ship, SUNSHINE, which was docked in Nassau, Bahamas.

8. That at said time and place, Plaintiff participated in a shore excursion, Paradise Island Beach Lunch, which she purchased from the Defendant, CARNIVAL, and which was operated by one or all of the Defendant(s), OPERATORS.

9. That as part of the excursion, the Defendant(s) transported passengers via tender to and from a private island.

10. That on said date, there was a major storm system, Tropical Storm/Hurricane Joaquin, which was in close enough proximity to Nassau, Bahamas that it had a significant impact on the weather and sea conditions.

11. That on the return trip from the island to the dock, there was no available seat for the Plaintiff to sit in as the tender was overcrowded with passengers from not only the Carnival Sunshine, but at least one other ship also.

12. That on the return trip from the island, the weather and sea conditions posed a significant

danger to the tender passengers, especially those who were forced to stand.

13. That on the return ship, the weather and sea conditions were so rough that the Plaintiff was forcefully thrown to the deck of the tender and sustained injuries more fully set forth below.

## COUNT I- CARNIVAL - NEGLIGENCE

That the Plaintiff reavers and realleges the allegations set forth in paragraphs 1-11 and further alleges as follows:

14. That at all times material hereto, the Defendant, CARNIVAL, had a duty to use reasonable care under the circumstances for the safety of its passengers.

15. That the Defendant, CARNIVAL, breached its duty of reasonable care and was negligent in one or more of the following ways:

(a) In failing to take into account weather conditions that were known or in the exercise of reasonable care should have been known to the Defendant, to wit, the proximity of Tropical Storm/Hurricane Joaquin, which was so close to them as to make the shore excursion hazardous for its passengers;

(b) In failing to cancel the shore excursion due to the inclement weather conditions that were present or imminent, which conditions the Defendant, CARNIVAL, either knew about or should have known about prior to the excursion;

(c) In failing to warn passengers, including the Plaintiff, of the potential danger posed by the proximity of Tropical Storm Joaquin;

(d) In failing to properly communicate with the OPERATORS about the prudence of proceeding with the shore excursion despite the proximity of Tropical Storm Joaquin;

(e) In exposing its passengers to hazardous conditions about which it knew or should

have known and about which it had knowledge superior to that of the Plaintiff.

(f) In failing to adequately evaluate the safety of the shore excursion which it recommended to its passengers, from which it made monetary profits.

14. That as a direct and proximate result of the negligence of the Defendant, as heretofore described, the Plaintiff, Karen Wiemuth, sustained serious bodily injury, incurred medical expenses as a result of said injuries, suffered physical pain and mental anguish, lost income and her earning capacity was impaired, sustained a permanent injury within a reasonable degree of medical probability, and all of said damages are continuing in nature and Plaintiff shall continue to suffer from same in the future.

WHEREFORE, Plaintiff demands judgment against the Defendant, CARNIVAL, for all compensatory damages allowable by law, together prejudgment interest and applicable costs. Plaintiff demands trial by jury of all issues so triable as a matter of right.

## COUNT II:  OPERATORS – NEGLIGENCE

That the Plaintiff reavers and realleges the allegations set forth in paragraphs 1-11 and further alleges as follows:

15. That at all times material hereto, the Defendants, OPERATORS, had a duty to use reasonable care under the circumstances for the safety of its passengers.

16. That the Defendants, OPERATORS, breached their duty of reasonable care and were negligent in one or more of the following ways:

(a) In overloading the tender in such a way that there were no seats for the Plaintiff to sit in and no safe place for her to stand, including transporting passengers from at least one other ship;

(b)     In failing to take into account weather conditions that were known or in the exercise of reasonable care should have been known to the Defendants, to wit, the proximity of Tropical Storm/Hurricane Joaquin, which was so close to them as to make any passage on the tender hazardous;

(c)     In failing to cancel the shore excursion due to the inclement weather conditions that were present or imminent, which conditions the Defendants, OPERATORS, either knew about or should have known about prior to the excursion, or in failing to warn about said conditions;

(d)     In failing to leave the private island in time to avoid the bad weather and rough seas associated with the proximity of the storm;

(e)     In exposing its passengers to hazardous conditions about which it knew or should have known and about which it had knowledge superior to that of the Plaintiff.

17. That as a direct and proximate result of the negligence of the Defendants, OPERATORS, as heretofore described, the Plaintiff, Karen Wiemuth, sustained serious bodily injury, incurred medical expenses as a result of said injuries, suffered physical pain and mental anguish, lost income and her earning capacity was impaired, sustained a permanent injury within a reasonable degree of medical probability, and all of said damages are continuing in nature and Plaintiff shall continue to suffer from same in the future.

WHEREFORE, Plaintiff demands judgment against the Defendants, OPERATORS, for all compensatory damages allowable by law, together with pre-judgment interest and applicable costs. Plaintiff demands trial by jury of all issues so triable as a matter of right.

Dated this September 27, 2016.

Respectfully submitted,

WAKS & BARNETT, P.A.
Attorneys for Plaintiff
9900 S.W. 107 Avenue, Suite 101
Miami, Florida 33176
Tel.:  (305) 271-8282
Fax : (305) 595-9776

By: /s/ *Joel M. Barnett*
    JOEL M. BARNETT
    FL BAR NO.: 248428